# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTONETTE DEHANEY, | : |
| | : CIVIL ACTION NO. 3:11-CV-0616 |
| Petitioner | : |
| | : (Judge Nealon) |
| v. | : (Magistrate Judge Mannion) |
| | : |
| MARY SABOL, et al., | : |
| | : |
| Respondents | : |

## MEMORANDUM

On April 4, 2011, Petitioner, Antonette Dehaney, represented by counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging her detention by the United States Immigration and Customs Enforcement ("ICE") agency and on April 5, 2011, Petitioner filed exhibits to her petition. (Docs. 1 & 3). A response was filed on May 24, 2011, and Petitioner filed a traverse on June 27, 2011. (Docs. 5 & 6).

On March 12, 2012, Respondents filed a suggestion of mootness informing that removal proceedings against Petitioner were terminated with no Final Order of Removal and Petitioner was released on bond from ICE custody. (Doc. 7). Petitioner did not respond to the suggestion of mootness. On March 26, 2012, Magistrate Judge Malachy E. Mannion issued a Report and Recommendation ("R&R") recommending that the petition for writ of habeas corpus be dimissed as "petitioner has been released from custody as requested in her petition" and the petition is moot. (Doc. 8, p. 3). Petitioner's counsel has received a copy of the R&R and to date no objections have been filed. The R&R is now ripe for disposition and will be adopted.



FILED
SCRANTON
APR 2 4 2012
PER _____
DEPUTY CLERK

**Standard of Review**

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. 28 U.S.C. § 636(b)(1)(c). Thomas v. Arn, 474 U.S. 140, 152 (1985). Nevertheless, the Third Circuit has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied 484 U.S. 837 (1987); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(c); Local Rule 72.3.

**Discussion**

In the R&R, Magistrate Judge Mannion states the procedural history and cites caselaw defining "custody" and holding that a petition challenging only a prisoner's detention pending removal entails no collateral consequences and becomes moot upon the petitioner's release from custody as petitioner has received all of the relief sought. (Doc. 8, pp. 2-3) citing Sanchez v. Attorney General, United Sates, 146 Fed. Appx. 547, 549 (3d Cir. 2005). The Magistrate Judge recommends dismissing the petition as moot because the Petitioner has been released from custody as requested. (Doc. 8, p. 3). Petitioner's counsel received a copy of the R&R with an accompanying NOTICE that a party may object to the R&R within fourteen (14) days. To date,

2

no objections have been filed.

Regarding this type of petition for writ of habeas corpus, this Court has determined that "[t]he distinction between a challenge to detention pending removal and a challenge to removal is critical." Nguijol v. Mukasey, 2008 U.S. Dist. LEXIS 95464, *2 n.1 (M.D. Pa. 2008) (Conner, J.) (citing Kumarasamy v. Attorney General, 453 F.3d 169, 173 (3d Cir. 2006)). Where a petitioner raises solely the detention issue and is subsequently deported, the habeas petition must be dismissed as moot because it no longer presents an existing case or controversy. DeFoy v. McCullough, 393 F.3d 439, 441 (3d Cir. 2005) (concluding that "a petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition"); Alvarez v. Sabol, 2010 U.S. Dist. LEXIS 13701, *3-4 (M.D. Pa. 2010) (Jones, J.) (citing Novas v. ICE, 303 Fed. Appx. 115, 118 n.3 (3d Cir. 2008)). Here, the thirty-seven (37) page petition sets forth Petitioner's arguments that she is a United States citizen and "challenges both the refusal of the Attorney General to consider petitioner's substantial claim to United States citizenship before forcing her to respond to the other allegations of removability and presenting claims of relief from removal as if she were an alien and not a citizen of the United Sates and her prolonged and continuing detention (nearly two years) while she waits her day before a judicial court." (Doc. 1, p. 2). Further, the response and traverse argue, inter alia, Petitioner's claim for United States citizenship. (Docs. 5 & 6). However, in the requested relief section of the petition, Petitioner only specifically requests that this Court grant the petition and order Petitioner's immediate release and does not specifically

request a declaration on Petitioner's status as a citizen.[1] (Doc. 1, pp. 4 and 36). Accordingly, the Magistrate Judge correctly determines that Petitioner has already received the relief sought in the petition, namely release from custody; therefore, the habeas petition will be dismissed as moot.

**Conclusion**

After review, this Court will adopt the R&R. The petition for writ of habeas corpus will be dismissed and the matter will be closed.

A separate Order will be issued.

Date: April 24, 2012                         United States District Judge

---

[1] This Court's determination that Petitioner's only objective through the petition was being released from custody is supported by Petitioner's failure to respond to Respondents' suggestion of mootness (Doc. 7) or to object to the R&R (Doc. 8) and Petitioner's failure to file any pleadings following Petitioner's release from custody.